UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS M. ELLIOTT,

        Petitioner,

                                              CASE NO. 05-CV-74085-DT
v.                                            HONORABLE NANCY G. EDMUNDS

KENNETH ROMANOWSKI,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITION
## FOR WRIT OF HABEAS CORPUS,

**I.    Introduction**

Dennis Elliott ("Petitioner"), a state prisoner confined at the Macomb Correctional Facility in New Haven, Michigan, has filed a *pro se* petition for writ of habeas corpus asserting that he is being held in violation of his constitutional rights.[1] Petitioner was convicted of first-degree murder and possession of a firearm during the commission of a felony following a jury trial in the Wayne County Circuit Court in 2002. He was sentenced to consecutive terms of life imprisonment without the possibility of parole and two years imprisonment on those convictions.

In his pleadings, Petitioner raises claims asserting improper denial of a motion for new trial, insufficient evidence, and prosecutorial misconduct. For the reasons set forth below, the Court denies the petition for writ of habeas corpus.

---

[1]At the time he instituted this action, Petitioner was confined at the Gus Harrison Correctional Facility in Adrian, Michigan where Respondent is the warden.

1

**II.     Facts**

Petitioner's convictions stem from the shooting death of Howard Smith on August 17, 1986 in Detroit, Michigan. This Court accepts the factual allegations contained in Petitioner's Memorandum of Law in Support of Petition for Writ of Habeas Corpus insofar as they are consistent with the record, as Respondent has not disputed them. *See Dickens v. Jones*, 203 F. Supp.2d 354, 360 (E.D. Mich. 2002); *see also Bland v. California Dep't. of Corrections*, 20 F.3d 1469, 1474 (9th Cir. 1994).

**III.    Procedural History**

Following sentencing, Petitioner filed a motion for new trial with the trial court asserting that the verdict was against the great weight of the evidence, was not supported by sufficient evidence, and was contrary to the interests of justice. The trial court denied the motion.

Petitioner also filed an appeal as of right with the Michigan Court of Appeals raising the claims contained in the instant petition. The Michigan Court of Appeals affirmed Petitioner's convictions and sentence. *See People v. Elliott*, No. 246773, 2004 WL 1108501 (Mich. Ct. App. May 18, 2004). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *See People v. Elliott*, 471 Mich. 949, 690 N.W.2d 107 (2004).

Petitioner thereafter filed the present habeas petition, asserting the following claims:

> I.      The trial court abused its discretion when it denied his motion for new trial.
>
> II.     The evidence presented at trial was insufficient to convict him of first-degree murder.
>
> III.    The prosecution's closing argument improperly shifted the burden of proof, attacked trial counsel, and set forth a personal belief in guilty, thereby depriving him of a fair trial.

2

Respondent has filed an answer to the petition asserting that it should be denied because the claims are not cognizable, lack merit, and/or are barred by procedural default.

## IV. Analysis

### A. Standard of Review

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his habeas petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the

3

correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

Lastly, a state court's factual determinations are entitled to a presumption of correctness on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

**B.	Insufficient Evidence Claim**

Petitioner asserts that he is entitled to habeas relief because the prosecution presented insufficient evidence to support his first-degree murder conviction. Respondent contends that this claim lacks merit.

In *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), the United States Supreme Court established that a federal court's review of a sufficiency of the evidence claim must focus on whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." The Court must view this standard through the framework of 28 U.S.C. § 2254(d). *See Martin v. Mitchell*, 280 F.3d 594, 617 (6th Cir. 2002). The *Jackson* standard must be applied "with explicit reference to the substantive elements of the criminal offense as defined by state law." *Jackson*, 443 U.S. at 324 n. 16. "The mere existence of sufficient evidence to convict therefore defeats a petitioner's claim." *Matthews v. Abramajtys*, 319 F.3d 780, 788-89 (6th Cir. 2003) (citation omitted).

Under Michigan law, first-degree premeditated murder requires proof that the defendant intentionally killed the victim and that the act of killing was premeditated and deliberate. *See* Mich. Comp. L. § 750.316; *People v. Kelly*, 231 Mich. App. 627, 642, 588 N.W.2d 480 (1998). Premeditation and deliberation require sufficient time to allow the defendant to take a second look. *People v. Schollaert*, 194 Mich. App. 158, 170, 486 N.W.2d 312 (1992). The time interval may be minimal – merely seconds – depending upon the circumstances of the killing. *People v. Berthiaume*, 59 Mich. App. 451, 456, 229 N.W.2d 497 (1975). Premeditation and deliberation may be established by evidence of "(1) the prior relationship of the parties; (2) the

defendant's actions before the killing; (3) the circumstances of the killing itself; and (4) the defendant's conduct after the homicide." *Schollaert*, 194 Mich. App. at 170. Circumstantial evidence and reasonable inferences drawn therefrom may be sufficient to prove the elements of the crime, *People v. Jolly*, 442 Mich. 458, 466, 502 N.W.2d 177 (1993), including a defendant's intent or state of mind. *People v. Dumas*, 454 Mich. 390, 398, 563 N.W.2d 31 (1997). Use of a lethal weapon supports an inference of an intent to kill. *People v. Turner*, 62 Mich. App. 467, 470, 233 N.W.2d 617 (1975).

Applying the *Jackson* standard, the Michigan Court of Appeals ruled that the prosecution presented sufficient evidence to support Petitioner's first-degree murder conviction, stating in relevant part:

> Here, defendant left his sister's wedding reception with a loaded gun in his waistband. Defendant stopped in front of the victim's family's house and, after arguing with the victim, shot him three times. After the first shot, the victim ran toward the house and defendant shot him again in the back while he was running away. Defendant had sufficient time to take a second look and reconsider what he was doing as the victim was running away. Viewing the evidence in the light most favorable to the prosecution, we conclude that sufficient evidence was presented to allow a rational jury to conclude that defendant killed the victim with deliberation and premeditation.

*Elliott*, 2004 WL 1108501 at *2.

The Michigan Court of Appeals' decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or of the facts in light of the evidence. The evidence at trial, including Aaron Heard's testimony identifying Petitioner as the shooter and the evidence that the victim suffered multiple gunshot wounds, including one in the back, provided sufficient evidence to support Petitioner's first-degree murder conviction.

Petitioner's insufficient evidence claim essentially challenges credibility of the testimony and the inferences the jury drew from the evidence presented at trial. However, it is well-settled that "[a] federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Walker v. Engle*, 703 F.2d 959, 969-70 (6th Cir. 1983). It is the job of the jury, not a federal habeas court, to resolve evidentiary conflicts. *See Jackson*, 443 U.S. at 326; *Martin v. Mitchell*, 280 F.3d 594, 618 (6th Cir. 2002). Given the evidence at trial, a rational trier of fact could have found the elements of first-degree murder, including premeditation and deliberation, beyond a reasonable doubt. Habeas relief is not warranted on this claim.

### C. Denial of Motion for New Trial Claim

Petitioner relatedly asserts that the trial court erred in denying his motion for new trial because the jury's verdict was against the great weight of the evidence. Respondent contends that this claim is not cognizable upon habeas review and lacks merit.

A federal habeas court has no power to grant habeas relief on a claim that a state conviction is against the great weight of the evidence. *See Young v. Kemp*, 760 F.2d 1097, 1105 (11th Cir. 1985); *Crenshaw v. Renico*, 261 F. Supp. 2d 826, 834 (E.D. Mich. 2003); *Dell v. Straub,* 194 F. Supp. 2d 629, 648 (E.D. Mich. 2002). Such a claim is not of constitutional dimension for habeas corpus purposes unless the record is so devoid of evidentiary support that a due process issue is raised. *See Cukaj v. Warren*, 305 F. Supp. 2d 789, 796 (E.D. Mich. 2003). As discussed *supra*, such is not the case here.

Furthermore, as discussed by the Michigan Court of Appeals, Aaron Heard's testimony identifying Petitioner as the shooter was not inherently incredible or implausible, and Heard provided rational reasons for the variances in his police statements. Additionally, while parts of Heard's testimony conflicted with other witnesses' testimony, it was for the jury to determine the credibility of the witnesses. *See Elliott*, 2004 WL 1108501 at *1. Habeas relief is thus not warranted on this claim.

### D. Prosecutorial Misconduct Claims

Lastly, Petitioner asserts that he is entitled to habeas relief because the prosecution engaged in misconduct during closing arguments by shifting the burden of proof, attacking defense counsel, and expressing a personal belief in his guilt. Respondent contends that these claims are barred by procedural default and lack merit.

#### 1. Procedural Default

Habeas relief may be precluded on claims that a petitioner has not presented to the state courts in accordance with the state's procedural rules. *See Wainwright v. Sykes*, 433 U.S. 72 (1977); *Couch v. Jabe*, 951 F.2d 94 (6th Cir. 1991). In *Wainwright*, the United States Supreme Court explained that a petitioner's procedural default in the state courts will preclude federal habeas review if the last state court rendering a judgment in the case rested its judgment on the procedural default. 433 U.S. at 85.

In such a case, a federal court must determine not only whether a petitioner has failed to comply with state procedures, but also whether the state court relied on the procedural default or, alternatively, chose to waive the procedural bar. "A procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court

rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." *Harris v. Reed*, 489 U.S. 255, 263-64 (1989). The last *explained* state court judgment should be used to make this determination. *Ylst v. Nunnemaker*, 501 U.S. 797, 803-05 (1991). If the last state judgment is a silent or unexplained denial, it is presumed that the last reviewing court relied upon the last reasoned opinion. *Id.*

Here, the Michigan Court of Appeals rendered the last reasoned opinion. In dismissing Petitioner's prosecutorial misconduct claims, the court relied upon a state procedural bar -- Petitioner's failure to object to the alleged improper remarks at trial. *See Elliott*, 2004 WL 1108501 at *2-3. The failure to make a contemporaneous objection is a recognized and firmly-established independent and adequate state law ground for refusing to review trial errors. *See People v. Carines*, 460 Mich. 750, 763, 597 N.W.2d 130 (1999); *People v. Stanaway*, 446 Mich. 643, 687, 521 N.W.2d 557 (1994); *see also Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). Moreover, a state court does not waive a procedural default by looking beyond the default to determine if there are circumstances warranting review on the merits. *See Paprocki v. Foltz*, 869 F.2d 281, 285 (6th Cir. 1989). Plain error review does not constitute a waiver of state procedural default rules. *See Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001); *Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000). Nor does a state court fail to sufficiently rely upon a procedural default by ruling on the merits in the alternative. *See McBee v. Abramajtys*, 929 F.2d 264, 267 (6th Cir. 1991). In this case, the Michigan Court of Appeals denied these claims based upon Petitioner's failure to object at trial.

A state prisoner who fails to comply with a state's procedural rules waives the right to federal habeas review absent a showing of cause for noncompliance and actual prejudice

resulting from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 753; *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996).

Petitioner alleges ineffective assistance of defense counsel as cause to excuse his default. Even assuming that Petitioner could establish cause, however, he cannot establish prejudice as these claims lack merit. *See* discussion *infra*.

Petitioner has also not established that a fundamental miscarriage of justice has occurred. The miscarriage of justice exception requires a showing that a constitutional violation probably resulted in the conviction of one who is actually innocent. *Schlup v. Delo,* 513 U.S. 298, 326-27 (1995). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998). "To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. Petitioner has made no such showing. His prosecutorial misconduct claims are thus barred by procedural default, lack merit, and do not warrant habeas relief.

### 2. Merits

The United States Supreme Court has stated that prosecutors must "refrain from improper methods calculated to produce a wrongful conviction." *Berger v. United States*, 295 U.S. 78, 88 (1935). To prevail on a claim of prosecutorial misconduct, a habeas petitioner must demonstrate that the prosecutor's remarks "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974).

The United States Court of Appeals for the Sixth Circuit has adopted a two-part test for determining whether prosecutorial misconduct violates a defendant's due process rights. *See Macias v. Makowski*, 291 F.3d 447, 452 (6th Cir. 2002) (citing cases). First, the court must determine whether the challenged statements were indeed improper. *Id.* at 452. Upon a finding of impropriety, the court must decide whether the statements were flagrant. *Id.* Flagrancy is determined by an examination of four factors: 1) whether the statements tended to mislead the jury or prejudice the accused; 2) whether the statements were isolated or among a series of improper statements; 3) whether the statements were deliberately or accidentally before the jury; and 4) the total strength of the evidence against the accused. *Id.*; *see also Boyle v. Million*, 201 F.3d 711, 717 (6th Cir. 2000) (citing *United States v. Francis*, 170 F.3d 546, 549-50 (6th Cir. 1999)). "[T]o constitute the denial of a fair trial, prosecutorial misconduct must be 'so pronounced and persistent that it permeates the entire atmosphere of the trial,' or 'so gross as probably to prejudice the defendant.'" *Pritchett v. Pitcher*, 117 F.3d 959, 964 (6th Cir. 1997) (citations omitted).

Petitioner first asserts that the prosecutor improperly shifted the burden of proof to the defense by arguing that Aaron Heard's statements were not impeached by the defense. While it is improper for the prosecution to impliedly shift the burden of proof to a defendant, *see United States v. Clark*, 982 F.2d 965, 968-69 (6th Cir. 1993), a prosecutor may argue from the facts that a witness is (or is not) worthy of belief. *See, e.g, Portuondo v. Agard*, 529 U.S. 61, 69 (2000). Additionally, a prosecutor has leeway to argue reasonable inferences from the evidence. *See Byrd v. Collins*, 209 F.3d 486, 535 (6th Cir. 2000).

Reviewing this claim for plain error, the Michigan Court of Appeals concluded that the prosecutor's comments were proper remarks on the credibility of Aaron Heard and were attempts to point out the weaknesses in defense arguments. *See Elliott*, 2004 WL 1108501 at *2. This decision is neither contrary to United States Supreme Court precedent nor an unreasonable application of federal law or the facts. The prosecutor's comments were a proper comment on the credibility of witness Heard and were a permissible attack on the defense theory of the case. The prosecutor did not improperly shift the burden of proof to the defense. Furthermore, the trial court instructed the jury on the burden of proof during trial. Jurors are presumed to follow the court's instructions. *See United States v. Powell*, 469 U.S. 57, 66 (1984) ("Jurors . . . take an oath to follow the law as charged, and they are expected to follow it.").

Petitioner also asserts that the prosecutor improperly attacked defense counsel by stating that counsel was creating havoc and attempting to mislead the jury. It is clearly inappropriate for a prosecutor to make personal attacks on opposing counsel. *See, e.g., United States v. Collins*, 78 F.3d 1021, 1040 (6th Cir. 1996). A prosecutor, however, may argue reasonable inferences from the evidence. "Where there is conflicting testimony, it may be reasonable to infer, and accordingly to argue, that one of the two sides is lying." *Id*. A prosecutor may also respond to improper or irrelevant defense arguments.

Reviewing this claim for plain error, the Michigan Court of Appeals concluded that the prosecutor's comments were made in response to defense arguments and were not a direct attack on defense counsel. *See Elliott*, 2004 WL 1108501 at *3. The Michigan Court of Appeals' decision is neither contrary to Supreme Court precedent nor an unreasonable

application thereof. The prosecutor's comments on the defense theory were mostly centered on the evidence and were made in response to defense arguments. While strong language was used, the prosecution did not denigrate defense counsel personally nor attack counsel's integrity. Rather, the prosecutor criticized the defense theory and arguments and challenged defense counsel's characterization of the evidence. Such comments, while forceful, were not improper.

Moreover, to the extent that any such comments by the prosecutor could be seen as improper, they were not so flagrant as to deprive Petitioner of a fair trial. The remarks, although deliberate, were relatively isolated in nature. The prosecution presented eyewitness testimony to establish Petitioner's guilt. And potential prejudice to Petitioner was alleviated by the trial court's instructions, which stated that the attorneys' comments were not evidence, that Petitioner was innocent until proven guilty, and that the prosecution had the burden of proving guilt beyond a reasonable doubt. *See, e.g., Russ v. Stegall*, 2000 WL 791753, *4 (E.D. Mich. June 8, 2000).

Lastly, Petitioner asserts that the prosecutor expressed a personal belief in his guilt with the use of such phrases as "I believe ..." and "I have proven ...." It is well-settled that it is improper for a prosecutor to express his or her own personal beliefs as to a defendant's guilt or to express personal opinions concerning a witness's credibility. *See United States v. Young*, 470 U.S. 1, 9-10 (1985); *United States v. Modena*, 302 F.3d 626, 634 (6th Cir. 2002). Such statements are improper because they can convey the impression that the prosecutor has evidence not presented to the jury which supports the charge against the defendant thereby infringing upon the defendant's right to be judged solely based upon the evidence presented and

because the prosecutor's opinion carries with it the imprimatur of the Government and may induce the jury to trust the Government's judgment rather than its own. *See United States v. White*, 58 Fed. Appx. 610, 617-18, 2003 WL 152314, *7 (6th Cir. 2003) (citing cases).

Reviewing this claim for plain error, the Michigan Court of Appeals denied relief finding that the prosecution's use of the phrase "I believe" was not improper because the prosecution then referred to the evidence. *See Elliott*, 2004 WL 1108501 at *3. This Court agrees and finds that the Michigan Court of Appeals' decision is neither contrary to Supreme Court precedent nor an unreasonable application of the law or the facts. While the prosecutor prefaced some comments during closing arguments with the phrase "I believe..." and stated, "I have proven the case beyond a reasonable doubt," the prosecutor referenced the evidence presented at trial and argued that Petitioner's guilt was supported by that evidence. The prosecutor's arguments were based upon reasonable inferences from the evidence. *See Byrd*, 209 F.3d at 535. Moreover, as noted, a prosecutor may argue from the facts that a witness is (or is not) worthy of belief. *See Portuondo*, 529 U.S. at 69. The prosecutor did not express a personal belief in Petitioner's guilt nor improperly vouch for prosecution witnesses. Rather, the prosecutor argued that Petitioner's guilt had been established beyond a reasonable doubt based upon the evidence. Petitioner has failed to establish that he was denied a fundamentally fair trial by the prosecutor's closing arguments. Habeas relief is not warranted on such a basis.

## V. Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to habeas relief on the claims contained in his petition. Accordingly, the Court **DENIES WITH PREJUDICE** the petition for writ of habeas corpus.

**IT IS SO ORDERED**.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: May 7, 2007

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 7, 2007, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager