UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS M. ELLIOTT,

        Petitioner,

v.                                     CASE NO. 05-CV-74085-DT
                                       HONORABLE NANCY G. EDMUNDS

KENNETH ROMANOWSKI,

        Respondent.
_____/

## **ORDER DENYING A CERTIFICATE OF APPEALABILITY**

        Petitioner has filed a motion for a certificate of appealability concerning the Court's denial of his federal habeas petition. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id*. at 336-37.

        When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists

of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484-85.

Petitioner first asserts that he is entitled to habeas relief because the prosecution presented insufficient evidence to support his convictions. The record, however, reveals that the prosecution presented sufficient evidence that Petitioner shot the victim and did so with the requisite intent to satisfy the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). A federal habeas court does not operate to correct errors of fact or determine the credibility of witnesses. Petitioner relatedly asserts that the verdict was against the great weight of the evidence. This fails to state a claim for habeas relief. *See Young v. Kemp*, 760 F.2d 1097, 1105 (11th Cir. 1985); *Crenshaw v. Renico*, 261 F. Supp. 2d 826, 834 (E.D. Mich. 2003). The Court thus concludes that Petitioner has not made a substantial showing of the denial of a constitutional right as to these issues.

Petitioner also asserts that he is entitled to habeas relief due to various instances of prosecutorial misconduct. These claims are barred by procedural default because Petitioner failed to object at trial and he has not established cause and prejudice, *see, e.g., Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991), or that a fundamental miscarriage of justice has occurred. *See Schlup v. Delo,* 513 U.S. 298, 326-27 (1995). Further, the claims lack merit under the standards set forth in *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974), and *Macias v. Makowski*, 291 F.3d 447, 452 (6th Cir. 2002). The prosecutor's comments were proper, were based upon reasonable inferences from the evidence, were responsive to defense comments, and/or were not so prejudicial as to deprive Petitioner of a fair trial. The Court concludes that

reasonable jurists would not find the Court's procedural ruling debatable and that Petitioner has failed to make a substantial showing of the denial of a constitutional right as to these claims.

Accordingly, for the reasons stated, the Court **DENIES** Petitioner's motion for a certificate of appealability.

**IT IS SO ORDERED.**


s/Nancy G. Edmunds
**Nancy G. Edmunds**
**United States District Judge**

**Dated:  June 8, 2007**

**I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 8, 2007, by electronic and/or ordinary mail.**

s/Carol A. Hemeyer
**Case Manager**